**UNITED STATES of America,**

v.

**Nayef YOUSEF, Appellant.**

**No. 03–3842.**

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a) Dec. 16, 2004.

Decided Feb. 22, 2005.

Denise A. Hinds–Roach, Office of United States Attorney, St. Croix, VI, for Appellee.

---

Carl F. Morey, Arlington, TX, Patricia Schrader–Cooke, Office of Federal Public Defender, St. Thomas, VI, for Appellant.

Before SLOVITER, FUENTES and GREENBERG, Circuit Judges.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before this court on an appeal of a judgment of conviction and sentence entered in the District Court of the Virgin Islands on September 9, 2003. The case arose in the aftermath of a fire at a warehouse used for a furniture business operated by appellant Nayef Yousef and by Hashim M. Bazar. As a result of these events a grand jury indicted Yousef and Bazar on November 21, 2000, on four counts of wire fraud in violation of 18 U.S.C. §§ 1343 and 2 relating to misrepresentations with respect to the value of damaged property for insurance purposes. In addition, the indictment charged Bazar with arson in a fifth count in violation of 18 U.S.C. § 844(i). The district court tried Yousef and Bazar jointly before a jury on all counts.

The court submitted the case to the jury on a written verdict form which, as to Yousef, in large letters contained a heading stating "VERDICT FORM for DEFENDANT NAYEF YOUSEF." Nevertheless in the body of the form the individual counts intended to relate to Yousef referred to the defendant as Hashim M. Bazar. Yousef's attorney observed the error before the court submitted the form to the jury and brought the error to the court's attention. Nevertheless, the court failed to make the correction required to identify Yousef in the body of the form. The jury convicted Yousef on the first three counts of the indictment, the court having dismissed the fourth count on the government's motion.

After the court denied Yousef's post-trial motion for a judgment of acquittal, new trial, and arrest of judgment, it sentenced Yousef to an 18–month term of imprisonment to be followed by a two-year term of custodial release. The court also fined Yousef. The custodial sentence was at the bottom of the 18– to 24–month guideline range calculated on the basis of the Sentencing Guidelines in effect in 2000. The court determined the range after making a 7–level enhancement for the amount of the loss pursuant to U.S.S.G. § 2F1.1(b)(1)(H) and a 2–level enhancement based on more than minimal planning pursuant to U.S.S.G. § 2F1.1(b)(2)(A). Yousef then appealed.[1]

Yousef raises three issues on this appeal in his brief:

I. The district court erred in denying appellant's motion for judgment of acquittal, new trial and arrest of judgment where the body of the verdict form intended for appellant and correctly captioned, referred to co-defendant, Hashim Bazar, denying appellant his due process right to a fair trial and an independent determination as to his guilt or innocence as guaranteed by the Fifth Amendment to the Constitution.

II. The district court erred in denying appellant's Rule 29 motion to dismiss and post trial motion for judgment of acquittal, new trial and arrest of judgment where when viewing the evidence in a light most favorable to the government there was insufficient evidence to find appellant's guilt beyond a reasonable doubt on Counts I, II, and III.

---

1. The district court had jurisdiction under 48 U.S.C. § 1612 and we have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291.

III. The Supreme Court's decision in *Blakely v. Washington,* — U.S. —, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), renders appellant's guideline sentence unconstitutional where offense level enhancements for loss pursuant to U.S.S.G. § 2F1.1 § (b)(1)(H) and for more than minimum planning pursuant to U.S.S.G. § 2F1.1(b)(2)(A) resulted in a longer sentence on the basis of facts that were not submitted to the jury. He raises the third issue on a plain error basis as he did not advance it in the district court. We reject Yousef's first two contentions and thus will affirm his conviction.

On the verdict form issue Yousef contends that "the jury either never intended to convict [him] or mistakenly assumed that if Bazar was guilty, so was [he]." Appellant's br. at 11. This contention is substantial. In this regard we are at a loss to understand why the court did not correct the error before it submitted the form to the jury inasmuch as Yousef's attorney requested that it do so. After the trial at the government's motion the court did correct the verdict form pursuant to Fed.R.Crim.P. 36 to substitute Yousef's name for Bazar's in the verdict form. Obviously, before submitting the verdict form to the jury, it could have made the correction without even relying on that rule or, indeed, any rule. By not doing so it created a problem that never should have existed.

We do not sit, however, to reverse convictions that should be affirmed to send messages to trial judges to be more careful. Rather, our concern is whether the court prejudiced Yousef by its error. The government in its brief sets forth a litany of reasons why the error does not provide a basis for a new trial and we agree with its contentions. To start with when the jury returned its verdict the foreman orally indicated that it found Yousef guilty on the three counts on which it convicted him, distinguishing Yousef from Bazar whom it also convicted on all counts submitted to it. Second, the jury was polled and the jurors reported their agreement with the verdict. Third, the court instructed the jury as follows:

You must consider the alleged evidence against each defendant separately. Evidence admitted against one defendant cannot be used against another defendant. You must give separate individual consideration to each charge against each defendant. The fact that you find one defendant guilty or not guilty of one of the offenses charged should not control your verdict as to any other offense charged against a defendant, nor as to any offense charged against any other defendant.

App. at 649. Fourth, the court instructed the jury not to consider evidence against Yousef introduced on the arson count in which Bazar was the sole defendant. Finally, the jury had the indictment during deliberations and the indictment distinguished between the defendants.

The government cites *Government of the Virgin Islands v. Bedford,* 671 F.2d 758 (3d Cir.1982), in support of its position that Yousef is not entitled to a new trial. *Bedford,* though somewhat distinguishable from our case on the facts, is an apt citation. There the defendant had been charged with unlawful possession of a firearm during the commission of a crime of violence. Nevertheless the court submitted a form to the jury referring to the offense as possession of a dangerous weapon during the commission of a crime of violence. In fact, the firearms and dangerous weapon offenses were defined in separate statutory sections. The jury convicted the defendant who appealed contending "that he was never charged with the offense he was convicted of and could not prepare his

defense accordingly." *Id.* at 763. We rejected his contention as we held that "the error in the verdict form was merely clerical." *Id.* Thus, we upheld his firearm conviction. After our review of the trial proceedings in this case we have concluded that, as was the case in *Bedford,* the defendant was convicted properly and that the mistake was harmless and was a mere clerical error that could be corrected under Rule 36. *See* Fed. R. Crim P. 52(a).

We are satisfied that Yousef's argument relating to the sufficiency of the evidence does not require extended discussion and thus we treat it summarily. Indeed, in his brief he acknowledges his heavy burden on this point:

> This court's standard of review of a denial of a motion for acquittal requires that "[the court] must determine whether there is substantial evidence, when viewed in a light most favorable to the government, to support a jury's finding of guilt beyond a reasonable doubt. . . ." A conviction will be affirmed "if a rational trier of fact could have found the defendant guilty beyond a reasonable doubt."

Appellant's br. at 13 (internal citations omitted). Here the evidence clearly satisfied the government's burden.

Finally, with respect to Yousef's third issue relating to sentencing, we will vacate the sentence imposed, and will remand the matter to the district court for resentencing in that the sentencing issue he raises best is determined by the district court in the first instance.

The judgment of conviction entered September 9, 2003, will be affirmed but the sentence imposed will be vacated and the matter will be remanded to the district court for resentencing.